IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

BEAUFORT  DIVISION


| | | |
|---|---|---|
| EVELYN A. LEE, | ) | C/A 9:09-1878-SB-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JASPER COUNTY AND ANDREW P. FULGHUM, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |


This action was filed by the Plaintiff pursuant to, <u>inter alia,</u> 42 U.S.C. § 2000 and a state law claim for defamation.  On November 10, 2011, the Court granted Plaintiff's fourth request to stay this matter for an additional sixty (60) days due to Plaintiff's inability to assist counsel in the prosecution of her case.

### Background[1]

This case has been pending for almost two and a half (2 ½) years.  One year ago, on January 27, 2011, Plaintiff's counsel informed the Court that Plaintiff was no longer capable of assisting with decisions concerning her case.  The Court was also advised that Plaintiff's son was pursuing an action in state probate court to have Plaintiff declared incapacitated and to be appointed

---

[1]This history was also set forth in the November 10, 2011 order.



to manage Plaintiff's affairs.  Based on these representations, the Court stayed this case for ninety (90) days.  At the end of that time, the Court had heard nothing further from the parties.  After inquiry from the Court, on April 21, 2011, Plaintiff's counsel informed the Court that a guardian ad litem had been appointed for the Plaintiff and that Plaintiff's son's petition was still pending.  The Court granted a stay of the case for an additional ninety (90) days.  On August 1, 2011, Plaintiff's counsel informed the Court that a Visitor had been appointed for the Plaintiff, that a social worker had conducted a home study, and that Plaintiff's son's petition for guardianship was still pending. The Court again stayed the case for an additional ninety days.

Subsequently, on September 21, 2011, Plaintiff's counsel provided the Court with state court documents appointing Plaintiff's son guardian for the Plaintiff with limited authority to make health and welfare decisions for the Plaintiff.  This was not, however, authorization to make decisions concerning this legal action, and on November 4, 2011, Plaintiff's counsel notified the Court that Plaintiff's son was in the process of amending his application to allow him to make legal decisions for the Plaintiff or, in the alternative, to be appointed as her conservator.  Accordingly, Plaintiff requested a stay for an additional sixty (60) days.

The Court entered an Order on November 10, 2011 staying this case for another sixty (60) days, but noted that despite the fact that representations had been made to the Court that Plaintiff's son was aware of this case and had initiated action in January of 2011 in state probate court to obtain authority to make legal decisions on his mother's behalf, it did not appear that the state court probate action included any request to manage Plaintiff's legal affairs and/or to be appointed as her Conservator, and that based on counsel's November 2011 correspondence, it was not clear whether any such action had even been filed at that time, or whether it was merely being



contemplated to be filed in the future. Counsel were further advised that , while the undersigned was sympathetic to Plaintiff's situation, the Court was also concerned that this case had been pending for (at that time) over two (2) years. The Court also noted that the Defendants had filed a motion for summary judgment on November 30, 2010, prior to this case being stayed, seeking to have the case dismissed as a matter of law on the merits, and cautioned Plaintiff's counsel that "if Plaintiff is not able, either herself or through a third party with appropriate authority, to proceed with prosecution of this case, the case will be subject to dismissal without prejudice." <u>See</u> Order filed on November 10, 2011.

The last sixty (60) day stay order has now also expired, but despite the warning contained in the Court's last Order, Plaintiff's counsel has failed to contact the Court to provide any additional information or update regarding this matter. Therefore, based upon the length of time that this case has been pending, the lack of communication regarding the probate proceedings in state court, the expiration of the time period requested by Plaintiff's counsel to stay this case, and the failure of the Plaintiff to otherwise prosecute this case in any way, it is recommended that this matter be dismissed, without prejudice, for failure to prosecute. <u>See</u> Rule 41(a)(2), Fed.R.Civ.P.

**If the Plaintiff notifies the Court within the time frame set forth for filing objections to this Report and Recommendation that she wishes to continue this case and provides the necessary Probate Court authorization to do so, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no such request and authorization are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.



3

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 12, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5
