UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Evelyn A. Lee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 09-1878 |
| v. ) | |
| ) | |
| Jasper County and Andrew P. Fulghum, ) | **ORDER** |
| ) | |
| Defendants, ) | |

The Plaintiff filed this action on July 15, 2009, alleging employment discrimination, retaliation, and defamation. On November 30, 2010, the Defendants filed a motion for summary judgment, to which the Plaintiff responded on January 18, 2011. On January 27, 2011, however, the Plaintiff's counsel informed the Court that the Plaintiff was no longer capable of assisting with her case and asserted that the Plaintiff's son was seeking an order from the probate court declaring the Plaintiff incapacitated and appointing him to manage her affairs.

The Magistrate Judge thereafter granted three separate 90-day stays and one final 60-day stay of the case. Having heard nothing from the Plaintiff, however, the Magistrate Judge issued a report and recommendation ("R&R") on January 12, 2012, recommending that the Court dismiss the case without prejudice for failure to prosecute. The Magistrate Judge noted that the R&R would be vacated if the Plaintiff notified the Court that she wished to proceed and provided the proper probate court authorization. On January 30, 2012, the Plaintiff filed objections to the R&R, indicating that the Plaintiff's son had filed a petition to be appointed conservator on January 27, 2012. Based on the confusing and troubling circumstances (see Entry 49 at 2-3), the Court declined to dismiss the action and

instead ordered the Plaintiff's counsel and her son to appear before the Court to explain the situation. At a conference held on June 19, 2012, the Court ordered the Plaintiff to file, by June 29, 2012, the order of the probate court appointing the Plaintiff's son as guardian. The Plaintiff did so, and on June 25, 2012, the Court again referred the matter to the Magistrate Judge for further consideration.

After considering the Defendants' motion for summary judgment and the Plaintiff's arguments in opposition, the Magistrate Judge issued an R&R on September 6, 2012, recommending that the Court grant the Defendants' motion. Attached to the R&R was a notice advising the Plaintiff of her right to file specific, written objections to the R&R within fourteen days of receiving the R&R. On September 24, 2012, the Plaintiff filed objections, and on October 5, 2012, the Defendants filed a response to the Plaintiff's objections.

## FACTS

The Plaintiff, an African-American, worked for Jasper County for more than 20 years, working as the administrative assistant for Andrew Fulghum, a white male, from 2004 until 2008. In spring 2007, the county hired human resource consultants to conduct a salary study, and this study provided a mechanism for individuals to appeal the salary assigned to them. Following the study, the Plaintiff believed she should be paid more, and she appealed her salary based on two areas: the listed responsibilities for her position and her longevity. The Plaintiff's salary appeal was denied on June 17, 2008.

Prior to the end of March 2008, the Plaintiff had been working under the Teacher and Employee Retention Incentive Program ("TERI"), a program that allows a government employee to retire and begin accumulating retirement benefits on a deferred basis without terminating employment, something the employee can do for up to 60 months. At the

conclusion of the Plaintiff's 60 months under TERI, she asked Fulghum whether the County would re-hire her. Fulghum and a Human Resource Director met with the Plaintiff in April and asked her whether she would be interested in another administrative assistant position in another department (with the same pay) because Fulghum's assistant position was going to change to include additional duties. Fulghum also testified that if the Plaintiff did not want another position, he was prepared to keep her as his assistant.

Subsequently, the Plaintiff met with various County Council members and indicated that she wanted to stay in her current position. Fulghum learned of this the following Monday, and he also learned that the Plaintiff had told Council members that employee Steve Sager, a white male, had made a comment a year earlier about the Plaintiff's hair being curly after it rained, a comment the Plaintiff perceived to be based on her race.

The Plaintiff remained in her position as Fulghum's administrative assistant (with the same pay) until August 6, 2008, when she ceased working due to health reasons. She was out on short-term disability leave through November 19, 2008. The Plaintiff claims that Fulghum ignored her after she complained about Sager. Once the Plaintiff's position had been vacant for six months, Fulghum hired Helen Johnson, a white woman, to be his new administrative assistant.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in

part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## ANALYSIS

As a preliminary matter, the Magistrate Judge determined that the Plaintiff abandoned her defamation claim, and the Plaintiff did not object to this finding. Finding no clear error, the Court agrees with the Magistrate Judge and deems this claim abandoned, leaving the Plaintiff's disparate treatment and retaliation claims for evaluation.

First, the Magistrate Judge considered the Plaintiff's disparate treatment claim, specifically, that she was denied equal wages to a similarly situated white employee and that she was discriminated against based on her race. As the Magistrate Judge noted, however, the Plaintiff did not offer direct evidence of discrimination in the payment of her wages. Moreover, after evaluating the Plaintiff's claims pursuant to the McDonnell Douglas framework,[1] the Court agrees with the Magistrate Judge that the Plaintiff did not establish

---

[1] Under the McDonnell Douglas framework, the Plaintiff must first establish a prima facie case of discrimination, establishing a rebuttable presumption that the Defendants discriminated against her. Then, the burden shifts to the Defendants to show a legitimate, non-discriminatory reason for the action(s). Third, if the Defendant sets forth a legitimate, non-discriminatory reason for the action(s), then the burden shifts back to the Plaintiff to put forth evidence showing that the Defendant's asserted reason is a mere pretext for discriminatory motives. 411 U.S. 792 (1973). To establish a prima facie case, the Plaintiff must show: (1) that she is a member of a protected class; (2) that she was performing her

a genuine issue of material fact to show that she was subjected to an adverse employment action with respect to her pay or that members outside of her protected class were treated more favorably.

The Plaintiff objects to this conclusion, asserting that the white woman who succeeded her, Helen Johnson, received a higher salary than she had been paid for the same job. After consideration, however, the Court finds the Plaintiff's objection to be without merit and agrees with the Magistrate Judge that Johnson is not a proper comparator for the Plaintiff. Stated simply, although Johnson made approximately $6,000 more annually than the Plaintiff, when the County hired Johnson to be Fulghum's assistant, the duties of the position changed greatly, with Johnson *not* being required to perform many of the day-to-day secretarial or receptionist-like duties assigned to the Plaintiff *and instead* being required to perform different, additional duties. Although the title "administrative assistant" remained the same, Johnson's responsibilities included overseeing development projects and writing and administering grants, including ensuring Title VI and ADA compliance, and these tasks were taken into consideration, along with Johnson's work history and qualifications to perform such tasks, in deciding her higher salary. Accordingly, the Court agrees with the Magistrate Judge that the Plaintiff has not shown that the job she held was similar to the job later held by Johnson.

The Plaintiff also objects to the Magistrate Judge's conclusion that "the Plaintiff has

---

job satisfactorily; (3) that she was subjected to an adverse employment action with respect to compensation; and (4) that similarly-situated employees who were not members of her protected class were treated more favorably, or that there is some other inference of unlawful discrimination. There is no dispute here that the Plaintiff is a member of a protected class and that she was performing her job satisfactorily.

provided no evidence . . . to show that her and/or Johnson's race had anything to do with the salary either received, other than her own unsubstantiated speculation." (Entry 70 at 4 (quoting Entry 69 at 16).) The Plaintiff argues that the testimony of Gladys Jones and Judith Frank is sufficient to show that Fulghum gave preferential treatment to white employees. A review of the non-hearsay portions of this testimony indicates, however, that although Jones and Frank assert that Fulghum showed favoritism to certain employees, they do not allege that he did so based on race. Indeed, one of the individuals Jones and Frank allege Fulghum preferred is the same race as the Plaintiff. Accordingly, the Court finds that Jones' and Frank's testimony does not create a genuine issue of material fact.

In her cause of action alleging retaliation, the Plaintiff alleges that she was retaliated against for complaining about her unequal wages and for complaining about a racially discriminatory remark made to her by Sager. As the Magistrate Judge noted, the Plaintiff never argued about the issue of retaliation based on unequal wages, thereby abandoning this claim, and instead, she focused only on her complaint about Sager.[2] Importantly, as the Magistrate Judge determined, the Plaintiff's disparate treatment claim fails because the evidence shows that the Plaintiff engaged in protected activity (by complaining about Sager's remark) at a meeting on April 17, 2008, a week *after* Fulghum met with the Plaintiff and discussed the possibility of her moving to another position at the expiration of her TERI term. In addition, the evidence indicates that Fulghum also told the Plaintiff she could remain in her current position, and it is undisputed that the Plaintiff did so. Moreover, with respect to the Plaintiff's claim that Fulghum ignored her after she complained about Sager,

---

[2] Also, as the Magistrate Judge determined, Plaintiff's Title VII claim against Fulghum is subject to dismissal because there is no individual liability under Title VII.

the Court agrees with the Magistrate Judge that such treatment is not enough to constitute an adverse employment action. See, e.g., Munday v. Waste Mgmt of N. Am., 126 F.3d 239, 243 (4th Cir. 1997) (finding that yelling at employee and telling others to ignore or shun the employee did not rise to the level of an adverse employment action), cert. denied, 522 U.S. 1116 (1998); Bozeman v. Per-Se Technologies, Inc., 456 F. Supp. 2d 1282, 1346 (N.D. Ga. 2006) (stating that courts have generally held that shunning or ostracism by co-workers or supervisors is not enough to constitute an adverse employment action). Finally, the Court notes that the Plaintiff failed to object to the Magistrate Judge's findings with respect to her retaliation claim, and the Court finds no clear error in the Magistrate Judge's analysis. In fact, the Court finds that the Magistrate Judge reached the proper conclusion based on the evidence of record and the applicable law.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 69) is adopted and fully incorporated herein; the Plaintiff's objections (Entry 70) are overruled; the Defendants' motion for summary judgment (Entry 59) is granted; and this matter is ended.

**IT IS SO ORDERED.**

_____
Sol Blatt, Jr.
Senior United States District Judge

February *13*, 2013
Charleston, South Carolina

7